FILED
03/14/2025
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 10, 2025

## WENDY ROSE D/B/A TENNESSEE WELLNESS ET AL. v. LAKEWAY MEDICAL PROPERTIES PARTNERSHIP ET AL.

### Appeal from the Circuit Court for Loudon County
No. 2019-CV-106      Michael S. Pemberton, Judge

### No. E2025-00335-COA-T10B-CV

This is an accelerated interlocutory appeal as of right filed pursuant to Tennessee Supreme Court Rule 10B. Due to numerous deficiencies in the petition, the appeal is hereby dismissed.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal; Appeal Dismissed; Case Remanded**

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which ANDY D. BENNETT and CARMA DENNIS MCGEE, JJ., joined.

Russell Egli, Knoxville, Tennessee, for the appellants, Wendy Rose d/b/a Tennessee Wellness and Russell Egli.

William A. Reeves, Knoxville, Tennessee, for the appellee, Lakeway Medical Properties Partnership.

Robert Granville Hinton, Lenoir City, Tennessee, for the appellee, Melissa Lynn Holmes.

### OPINION

#### BACKGROUND

On March 6, 2025, Wendy Rose d/b/a Tennessee Wellness and Russ Egli (collectively, "Appellants") filed a Petition for Recusal Appeal pursuant to Tennessee Supreme Court Rule 10B. Therein, Appellants state that they are appealing the Loudon County Circuit Court's ("the trial court's") denial of their motion to recuse the trial court judge. Appellants attached to their petition a copy of an Order Denying Motion to Recuse entered February 28, 2025; however, despite referencing numerous exhibits throughout

their petition, they failed to attach their motion to recuse or any other supporting documentation. Moreover, the only procedural history provided by Appellants relevant to the motion to recuse is that certain allegations in support thereof were discovered a week prior to the filing of the motion and "[a]t [that] point, the [Appellants] filed the Motion to Recuse and [the trial court judge] denied the recusal in a deficient order."

Without the benefit of a copy of the motion to recuse, this Court is unable to determine what grounds were raised therein. The trial court's order states:

> Generally, the [Appellants] seek recusal alleging that they have "sought declaratory, injunctive and monetary relief in the United States District Court regarding the deprivation of their rights afforded to them under the 5th and 14th Amendments to the United States Constitution." The [Appellants] also set forth numerous and sundry other "allegations" in their motion.

(Internal record citation omitted). This is consistent with the allegations set forth in their Petition for Recusal Appeal. However, the trial court ultimately denied the motion to recuse as untimely, finding:

> Tenn. Sup. Ct. R. 10B §1.01 governs the procedure as to the filing of motions to recuse. This section requires that "[a]ny party seeking . . . recusal . . . shall do so by a written motion filed **promptly after a party learns or reasonably should have learned of the facts establishing the basis for recusal.**" (Emp[hasis] added). The rule further requires that "[t]he motion **shall be filed no later than ten days before trial, absent a showing of good cause which must be supported by an affidavit.**" (Emp[hasis] added).
>
> Per the [Appellants'] own motion, the alleged "facts" that give rise to the motion all are alleged to have happened no later than October 30, 2024, one hundred and eighteen (118) days ago. This motion was filed on February 25, 2025. The [trial] court specifically finds that the Motion to Recuse as to both docket # 2019-cv-106 and # 2021-cv-74 is untimely. The timing of the filing of the motion runs afoul of the requirement that the motion be filed "promptly after a party learns or reasonably should have learned of the facts establishing the basis for recusal." Assuming *arguendo* that the motion has any merit, any such merit was known to the [Appellants] no later than October 30, 2024. The [trial] court specifically finds as to both cases that delaying the filing of the recusal motion for one hundred and eighteen (118) days does not qualify as "prompt," per Rule 10B §1.01.

A second ground exists for the denial of the motion in case #2019-cv-106. A recusal motion is required to be filed "no later than ten days before trial, absent a showing of good cause which must be supported by an affidavit." The trial in docket # 2019-cv-106, is set to begin on March 3, 2025, only six (6) days after the filing of the Motion to Recuse and no good cause showing has been made. Therefore, the motion in #2019-cv-106 is DENIED on this additional ground.

Appellants now appeal this denial of their motion to recuse.

## ANALYSIS

As this Court has explained:

Tennessee Supreme Court Rule 10B governs appeals from orders denying motions to recuse. Pursuant to § 2.01 of Rule 10B, a party is entitled to an "accelerated interlocutory appeal as of right" from an order denying a motion for disqualification or recusal. The appeal is perfected by filing a petition for recusal appeal with the appropriate appellate court. Tenn. Sup. Ct. R. 10B, § 2.02.

The only issue we may consider in a Rule 10B appeal is whether the trial [court] judge should have granted Petitioner's motion to recuse. *Duke v. Duke*, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012). Our standard of review in a Rule 10B appeal is de novo. *See* Tenn. Sup. Ct. R. 10B, § 2.01. "De novo" is defined as "anew, afresh, a second time." *Simms Elec., Inc. v. Roberson Assocs., Inc.*, No. 01-A-01-9011CV00407, 1991 WL 44279, at *2 (Tenn. Ct. App. Apr. 3, 1991) (quoting *Black's Law Dictionary* 392 (5th ed. 1979)).

If we determine, after reviewing the petition and supporting documents, that no answer is needed, we may act summarily on the appeal. Tenn. Sup. Ct. R. 10B, § 2.05. . . . Tenn. Sup. Ct. R. 10B, § 2.06 also grants this [C]ourt the discretion to decide the appeal without oral argument.

*Anders v. Anders*, No. W2020-00146-COA-T10B-CV, 2020 WL 507979, at *1 (Tenn. Ct. App. Jan. 31, 2020). Finally, Rule 10B, section 2.04 grants this Court the discretion to "grant a stay on motion of a party or on the court's own initiative, pending [our] determination of the appeal." Appellants have requested that this Court schedule oral argument in this matter and stay the proceedings in the trial court. Based upon our review of Appellants' petition, we have determined that neither an answer, additional briefing, a

stay, nor oral argument is necessary, and we elect to act summarily on the appeal in accordance with Rule 10B, sections 2.05 and 2.06.

Rule 10B sets forth clear procedural requirements for petitions for recusal appeal and, as this Court has repeatedly observed,

> "the accelerated nature of these interlocutory appeals as of right requires meticulous compliance with the provisions of Rule 10B regarding the content of the record provided to this Court." *Adams v. Brittenum*, No. W2023-00800-COA-T10B-CV, 2023 WL 3861820, at *1 (Tenn. Ct. App. June 6, 2023) (quoting *Johnston v. Johnston*, No. E2015-00213-COA-T10B-CV, 2015 WL 739606, at *2 (Tenn. Ct. App. Feb. 20, 2015)). "In expedited interlocutory appeals under Rule 10B, the only record the appellate court generally has is the record provided by the appellant with his or her petition." *Rothberg v. Fridrich & Associates Ins. Agency, Inc.*, No. M2022-00795-COA-T10B-CV, 2022 WL 2188998, at *2 (Tenn. Ct. App. June 17, 2022) (quoting *Trigg v. Trigg*, No. E2016-00695-COA-T10B-CV, 2016 WL 1730211, at *2 (Tenn. Ct. App. Apr. 27, 2016)). Without meticulous compliance with the Rule, we cannot meet our obligation to decide the appeal "on an expedited basis." *Adams*, 2023 WL 3861820, at *1 (citing *Johnston*, 2015 WL 739606, at *2).

*Axis Dynamics, Inc. v. Hawk*, No. E2024-01805-COA-T10B-CV, 2024 WL 5103444, at *1 (Tenn. Ct. App. Dec. 13, 2024). First, Rule 10B, section 1.01 requires that a motion to recuse

> be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials. The motion shall state, with specificity, all factual and legal grounds supporting disqualification of the judge and shall affirmatively state that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Rule 10B also requires that a petition for recusal appeal "be accompanied by a copy of the motion and all supporting documents filed in the trial court[.]" Tenn. Sup. Ct. R. 10B, § 2.03. Because Appellants have not provided this Court with a copy of the motion to recuse or any documents filed in support thereof, we are unable to determine whether Appellants satisfied the requirements of Rule 10B, section 1.01. Thus, we are unable to determine whether the trial court erred in denying Appellants' motion to recuse. *Johnston*, 2015 WL 739606, at *2. "Moreover, the failure to provide any sworn testimony means that [Appellants have] failed to present this Court with any '*evidence* that would prompt a reasonable, disinterested person to believe that the [trial court] judge's impartiality might

reasonably be questioned.'" *Burkhart v. Burkhart*, No. M2023-01390-COA-T10B-CV, 2023 WL 6818637, at *3 (Tenn. Ct. App. Oct. 17, 2023) (emphasis in original) (quoting *Duke*, 398 S.W.3d at 671).

Additionally, Rule 10B, section 2.03(c) requires that a petition for recusal appeal contain "[a]n argument, setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities[.]" Notably, Appellants' petition does not contain any argument setting forth why they are entitled to appellate relief, nor does it contain citations to any relevant authorities. Furthermore, the trial court denied the motion to recuse because it was untimely; however, none of the issues presented for review by Appellants relate to the timeliness of their motion. Instead, Appellants ask this Court to ignore this glaring procedural issue and instead rule on the substantive merits of a motion to recuse without even presenting us with a copy of the motion to review.

Given the numerous deficiencies in Appellants' petition, we hereby dismiss the appeal. *See Blevins v. Green*, No. E2023-00295-COA-T10B-CV, 2023 WL 2398256, at *2 (Tenn. Ct. App. Mar. 8, 2023) (collecting cases).

## CONCLUSION

For the foregoing reasons, this appeal is dismissed. The costs of this appeal are taxed jointly and severally to the appellants, Wendy Rose d/b/a Tennessee Wellness and Russ Egli, for which execution may issue if necessary. This case is remanded for further proceedings consistent with this opinion.

_____
KRISTI M. DAVIS, JUDGE